# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS ALVAREZ,

    Plaintiff,

    v.

DOCTOR NEUBARTH, et al.,

    Defendants.

CASE NO. 1:07-cv-01019-OWW-DLB PC

**ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS**

(Doc. 1)

I.    <u>Order</u>

    A.    <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Plaintiff's Medical Care Claim

Plaintiff is an inmate housed at the California State Prison, Corcoran. The defendants named in this action are Dr. Neubarth and Family Nurse Practitioner Saipher. Plaintiff is seeking money damages and injunctive relief. The claim in this action arises from the medical treatment plaintiff is being provided for his back pain and right knee.

Plaintiff alleges that on September 30, 2005 he injured this right knee, shoulder arm and back when he slipped on water and human waste at Chino State Prison, where plaintiff was incarcerated at the time. Plaintiff alleges that he suffers chronic pain as a result, and that defendant Neubarth will only prescribe him ibuprofen. Plaintiff alleges that defendant Saipher told plaintiff to bring up the subject of his knee when he saw a specialist regarding his back. Plaintiff contends that defendant Saipher should have referred plaintiff to see a specialist for his knee. Plaintiff alleges violation of his rights under the Eighth, Fifth and Fourteenth Amendments.

///

///

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's claim involves his medical care and therefore falls within the purview of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official

does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's disagreement with the course of treatment being prescribed for his chronic pain does not support a claim for relief under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Id. In order to proceed under section 1983 against prison officials for acting with deliberate indifference in violation of the Eighth Amendment, plaintiff's factual allegations must be sufficient to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Here, plaintiff has not alleged any fact that would support a claim that defendant Neubarth"[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety," Id. Further, plaintiff has not alleged any facts that would support a claim that Family Nurse Practitioner Saipher acted or failed to act in a manner that rose to the level of a constitutional violation. The court will provide plaintiff with the opportunity to file an amended complaint.

B.   Conclusion

The court finds that plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is

involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed July 17, 2007 is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **April 14, 2008**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE